**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LEON JUNIOR JOHNSON,

        Defendant - Appellant.

No. 10-1530
(D.C. No. 1:10-CR-00189-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **SEYMOUR**, and **MATHESON**, Circuit Judges.

---

The sole question presented by Leon Johnson in this case is "whether the instant offense of conviction under 18 U.S.C. §§ 1791(a)(2), (b)(3) and (d)(1)(B), possession of a weapon in prison, is a 'crime of violence' pursuant to U.S.S.G. §§ 4B1.1, 4B1.2(a)." Opening Br. at 1. Mr. Johnson urges us to answer that question in the negative. But after he and the government finished briefing this

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, we published *United States v. Perez-Jiminez*, 654 F.3d 1136 (10th Cir. 2011). And there we held that possessing a weapon in prison *can* qualify as a "crime of violence" meriting a U.S.S.G. §§ 4B1.1, 4B1.2(a) sentencing enhancement. We are, of course, now bound by that ruling and must reject Mr. Johnson's contrary arguments.

Still there remains one wrinkle. In *Perez-Jiminez* we also said that courts must engage in a "conduct-specific inquiry" before concluding that any *particular* act qualifies for the crime of violence enhancement. 654 F.3d at 1140. But a comparison of the specific conduct in *Perez-Jiminez* and in Mr. Johnson's case reveals no material difference. In *Perez-Jiminez*, the specific conduct involved a prisoner's possession of two five-and-a-half inch metal knives or shanks, and we held this sufficient to trigger the sentencing guideline's crime of violence enhancement. Here, the specific conduct involved Mr. Johnson's possession in prison of a single eight-inch metal knife or shank. It is difficult to see how a prisoner's possession of one longer knife is any less dangerous than his possession of two shorter ones, or how we might deem one offense to be a crime of violence and the other not. The outcome of this case is thus controlled both by the general legal principles set forth in *Perez-Jiminez* and by the application of those principles in that case.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge